UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, Plaintiff, v. MARGARET LOUISE THOMAS, Defendant. | NO: 17-CR-473-RHW<br><br>ORDER GRANTING CONTINUANCE AND ORDER MEMORIALIZING COURT'S ORAL RULINGS |
|---|---|

A pretrial hearing was held in this matter on June 11, 2018. Defendant Margaret Louise Thomas, who is in custody, was present and represented by Neha Christerna. Assistant United States Attorney Amy Pomerantz was present on behalf of the Government. The Court has reviewed the file, has heard from counsel, and is fully informed. This Order is entered to memorialize the oral rulings of the Court.

At this hearing, Defendant moved for a continuance to allow additional time. The Government did not object to a continuance in this matter.

The Court finds that the ends of justice served by the granting of a continuance of the trial in this matter outweigh the best interests of the public and

Defendant in a speedy trial. A trial date of July 17, 2018, would deprive defense counsel of adequate time to obtain and review discovery and provide effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7). Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Oral Motion for a Continuance is **GRANTED**.

2. The current trial date of July 17, 2018, is **STRICKEN** and **RESET** to **September 25, 2018**, at **8:45 a.m.** commencing with a **final** pretrial conference at **8:30 a.m.** All hearings shall take place in **Los Angeles,** California.

3. A pretrial conference is set for **July 17, 2018**, at **11:30 a.m.,** in Los Angeles, California.

4. Courtesy copies may be e-mailed to chambers in Word format to the Court at whaleyorders@waed.uscourts.gov.

5. Counsel for defense shall notify Defendant of all hearings and ensure his/her attendance at court.

6. Motions to Expedite, if any, shall be filed separately and noted for hearing two (2) days from the date of filing, after informing opposing counsel of such.

7. Discovery motions, pretrial motions, and motions in limine shall be filed on or before **June 19, 2018**; responses are due **June 26, 2018**; and replies are due **July 3, 2018**. Counsel shall note their motions for hearing at the pretrial conference on **July 17, 2018**.

**8.** Trial briefs, requested voir dire, witness lists, jointly proposed jury instructions, and a table of proposed jury instructions shall be filed and served on or before **September 14, 2018**.

    **(a)** The jointly proposed jury instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each count, any necessary definitions, and a proposed verdict form.

    **(b)** The parties shall provide the Court electronically with a table of proposed, cited jury instructions. This table shall include:

        **(i)** The instructions on which the parties agree;

        **(ii)** The instructions that are disputed; and

        **(iii)** The basis of any objection.

        **(iv)** The jury instruction table shall be substantially in the following form:

| Proposed by | Instruction # | 9th Cir. Cite | Objection | Response to objection |
|---|---|---|---|---|

    **(c)** In addition to the jury instruction table, each party shall address any objections they have to instructions proposed by any other party in a memorandum on or before **September 14, 2018**. The parties shall identify the specific portion of any proposed instruction to which they object supported by legal authority that supports the objection. Failure to file an objection to any instruction may be construed as consent to the adoption of an instruction proposed by another party.

**9.** *Pretrial Exhibit Stipulation*

**(a)** The parties shall prepare a pretrial exhibit stipulation that shall contain each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response. All exhibits to which there are no objections shall be deemed admitted, subject to any objections at trial that could not be raised in advance.

**(b)** The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiff's/Defendant's Exhibits**

| **Exhibit No.** | **Description** | **If Objection, State Grounds** | **Response to Objection** |
|---|---|---|---|
| | | | |

**(c)** The pretrial exhibit stipulation shall be filed on **September 18, 2018**. Failure to comply with this paragraph could be deemed to constitute a waiver of all objections. Do not submit blanket or boilerplate objections to the opposing party's exhibits. These will be disregarded and overruled.

**(d)** Exhibits shall be pre-marked with the exhibit numbers that will be used at trial. Plaintiff's trial exhibits are to be numbered 1 through 199, and Defendant's exhibits are to be numbered 200 and following.

**(e)** Objections to exhibits and witnesses shall be heard at the final pretrial conference.

9.  *Trial Procedures*

The following procedures shall be utilized at trial:

**(a)** The Court will conduct the majority of jury voir dire but allow counsel fifteen minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

**(b)** A total of thirteen jurors will be selected. Plaintiff shall have six peremptory challenges, Defendant shall have ten peremptory challenges, and each party shall have one challenge for the alternate juror. Fed. R. Crim. P. 24. The challenges shall be exercised alternately;

**(c)** Regular trial hours shall be from 8:30 a.m. to 12:00 noon, and 1:00 to 5:00 p.m.;

**(d)** The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

**(e)** Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

**(f)** A single photograph shall be taken of all witnesses following their testimony for use by the jury to correlate a witness with the testimony he or she provided. The photographs shall be maintained in a three-ring binder by the Court. The photograph will have the witness's name on it and the date of the witness's testimony. The photographs will be provided to the jury to

assist them during deliberations. Following deliberations, the photographs will be destroyed by the Court and will not be a part of the record;

**(g)** Examination of witnesses shall be limited to direct, cross, redirect and recross. Fed. R. Evid. 611(a);

**(h)** Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

**(i)** During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

**(j)** Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

///

///

///

///

///

///

///

**10.** A Waiver of Speedy Trial Rights was signed by Defendant. All time from the trial date of **July 17, 2018**, to the new trial date of **September 25, 2018**, is **EXCLUDED** for speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(7).

The District Court Clerk is directed to file this Order and provide copies to counsel.

**DATED** June 12, 2018.

          *s/Robert H. Whaley*
          ROBERT H. WHALEY
          Senior United States District Judge